IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DAVID JOHNSON CONSTRUCTION
CO. INC., D/B/A JOHNSON HEATING
AND COOLING,

Plaintiff,

v.                                                              No. _____

CLEARESULT CONSULTING INC.,
d/b/a CLEARESULT and TENNESSEE
VALLEY AUTHORITY,

Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure, Defendant Tennessee Valley Authority ("TVA") hereby submits for filing this Notice of Removal of this action to this Court from the Circuit Court of Jackson County, Alabama, and respectfully shows:

1. On December 6, 2016, Plaintiff David Johnson Construction Co. Inc., d/b/a Johnson Heating and Cooling ("Plaintiff"), filed a Complaint and Motion for Temporary Restraining Order, No. 39-CV-2016-900248.00, in the Circuit Court of Jackson County, Alabama, naming Clearesult Consulting Inc., d/b/a CLEAResult ("CLEAResult"), as a Defendant.

1

2. On April 11, 2017, Plaintiff filed an Amended Complaint and Motion for Preliminary Injunction ("Amended Complaint") naming and joining TVA as a Defendant. On April 17, 2017, TVA received delivery of a copy of the Amended Complaint.

3. TVA is an executive branch corporate agency and instrumentality of the Government of the United States of America, created by and existing pursuant to the TVA Act of 1933. This Court has original jurisdiction over actions against TVA pursuant to 28 U.S.C. § 1331. *See Jackson v. TVA*, 462 F. Supp. 45, 50-51 (M.D. Tenn. 1978), *aff'd*, 595 F.2d 1120 (6th Cir. 1979); *Bobo v. TVA*, 138 F. Supp. 3d 1285, 1288-89 (N.D. Ala. 2015) (noting that district courts have original jurisdiction under 28 U.S.C. § 1331 to hear claims against TVA based on "TVA's status as a wholly-owned corporate agency and instrumentality of the United States created pursuant to an act of Congress"). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(c) because it is a claim "arising under the . . . laws . . . of the United States (within the meaning of section 1331 of this title) . . ." 28 U.S.C. § 1441(c). This action also is removable to this Court by TVA pursuant to 28 U.S.C. § 1442(a)(1) because it is "against or directed at" an agency of the United States. *See City of Cookeville v. Upper Cumberland Membership Corp.*, 484 F.3d 380, 389 (6th Cir. 2007).

4.	Copies of all process, pleadings, and orders filed in the Circuit Court of Jackson County, Alabama, that were received by TVA are being filed as collective Attachment 1 to this Notice.

5.	As shown by the Joinder and Consent to Removal, filed as Attachment 2 to this Notice, defendant CLEAResult joins in and consents to the removal of this action.

6.	As shown by the Certificate of Filing and Service filed as Attachment 3 to this Notice, on May 4, 2017, copies of this Notice and said Certificate were sent by Federal Express to the Clerk of the Circuit Court of Jackson County, Alabama, for filing. Copies of this Notice and Certificate also were served upon all parties to the state-court action by U.S. mail, notifying them of the filing of this Notice and the removal of this action.

7.	Pursuant to LR 3.1, a Civil Cover Sheet is being filed as Attachment 4 to this Notice.

WHEREFORE, TVA prays that this action be removed from State court to this Court as provided by law.

          Respectfully submitted,

          *s/Dominic D. Williams*
          James S. Chase, Associate General Counsel
          Frances Regina Koho, Attorney
          Dominic D. Williams, Attorney
          TVA GENERAL COUNSEL'S OFFICE
          400 West Summit Hill Drive
          Knoxville, Tennessee 37902-1401
          Telephone 865.632.3485
          ddwilliams3@tva.gov

          Attorneys for Tennessee Valley Authority

40156039

4